## SOBEL v. WHITTIER CORP. et al.
### Civ. No. 10039.

United States District Court
E. D. Michigan, S. D.
Jan. 5, 1951.

Ralph L. Seltzer, of Detroit, Mich., for plaintiff.

John A. Hamilton, John P. Laughna, of Detroit, Mich., for defendants.

THORNTON, District Judge.

The bill of complaint filed herein recites that the plaintiff is a citizen of the state of New York, that the defendant corporation is a citizen of the state of Michigan, and that the individual defendants, who are directors of the Whittier Corporation, are all residents of the state of Michigan; that the plaintiff is a stockholder of the Whittier Corporation and brings her action derivatively and on behalf of and in the right of the Whittier Corporation. She further alleges that she is the owner of common stock of the Whittier Corporation (3 shares at a fair market value of $40.00 a share), and that on or about the 16th day of November 1950 she was notified by mail by a Notice of Special Meeting of Shareholders of the Whittier Corporation, Detroit, Michigan, that there would be a shareholders' meeting at the office of the corporation on the 11th day of December 1950 for the purpose of accepting or rejecting a proposed merger agreement submitted by the directors of the Whittier Corporation. This agreement provides for a merger of the defendant corporation with the Detroit Housing Corporation of Michigan, a Michigan corporation, there being a copy of said proposed agreement attached to the notice of the stockholders' meeting. In her complaint the plaintiff prays for the following relief:

"(1) That Defendants, their agents and servants, be enjoined during the pendency of this action, and permanently, from holding any meeting of the shareholders of the Whittier Corporation for the purpose of approving this Merger Agreement.

"(2) That Defendants pay to the Plaintiff the costs of this action and reasonable attorney fees to be allowed to the Plaintiff by the Court.

"(3) That this Plaintiff have such other further relief as is just."

Upon the filing of the said Bill of Complaint an order to show cause and a temporary restraining order were issued out of this Court, and a day of hearing set prior to the time scheduled by the corporation for the shareholders' meeting and at the time of this hearing an arrangement was

entered into relaxing the temporary restraining order and permitting the shareholders' meeting to proceed on schedule, an order being so entered by stipulation of counsel for the respective parties. The defendants move to dismiss the bill of complaint and temporary restraining order, questioning the jurisdiction of this Court because of certain alleged infirmities in the bill of complaint, and "Because said action is not a proper derivative action as no demand has been made that the Whittier Corporation bring suit, and that plaintiff is not properly representative of other stockholders and this action is instituted by the plaintiff solely for the purpose of harassing and embarrassing the Whittier Corporation, defendant herein, in the proper exercise of its corporate functions when plaintiff's claim is a personal matter and her suit is not requested or sanctioned by other shareholders."

In opposition to the motion to dismiss, the plaintiff stands firmly on the contention that her cause of action is a derivative one within the provisions of Sec. 23(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., and that she is requesting no personal relief in her bill of complaint, but rather requests relief solely on behalf of the Whittier Corporation.

Rule 23(b) of the Rules of Civil Procedure reads as follows: "Secondary Action by Shareholders. In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law and (2) that the action is not a collusive one to confer on a court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction. The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

The bill of complaint filed herein further recites: "That there is no valid business purpose in this proposed merger and rather that this proposed merger is illegal and is a fraud upon Whittier Corporation rights of minority stock holders not included within the group headed by George J. Kolowich and the other individual Defendants above named * * *."

The allegations contained in the bill of complaint and the prayer for relief do not constitute a proper basis for a derivative action under the provisions of Rule 23 (b) since the plaintiff stockholder is here seeking to enjoin the defendant corporation from doing what plaintiff claims will constitute an illegal act, viz., the merger of the Whittier Corporation and the Detroit Housing Corporation of Michigan. This complaint of the plaintiff, together with the relief prayed for, sets forth a primary right of action and not a secondary right of action by a shareholder.

The rule as to derivative actions relates only to suits: " 'founded on rights which may properly be asserted by the corporation,' in which the stockholders' rights are indirect and derivative merely, and has no application to a suit brought by a stockholder against the corporation seeking, in his own direct right, to enjoin it from doing an illegal act." General Inv. Co. v. Lake Shore & M. S. Ry. Co., 6 Cir., 250 F. 160, 174, affirmed 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244.

In speaking of the applicability of Rule 23(b), Moore's Federal Practice, Vol. 3, Pg. 3508 and 3509, states as follows: "Suits which are said to be derivative, and therefore come within the rule, are those which seek to enforce any right which belongs to the corporation and is not being enforced, such as the liability of corporate officers or majority shareholders for mismanagement, to recover corporate assets, to enforce rights of the corporation by virtue of its contract with a third person, and to enjoin those in charge of the corporation from causing it to commit an ultra vires act. On the other hand, where the shareholder

seeks to enforce a contract which the corporation entered into with him, abate what is a nuisance to the shareholder and is caused by the corporation, recover as a creditor, or secure the payment of his declared dividends, his suit is not derivative, but is prosecuted to enforce a personal right and hence would not come within the rule even though it was brought as a class suit. And where a shareholder sues on behalf of himself and all others similarly situated to compel the corporation to declare a dividend, or secure adjudication of the rights to issue particular type of stock, *to enjoin a proposed merger or consolidation,* (emphasis supplied) to wind-up a corporation under a local statute, to put the corporation into receivership, or to recover for fraud practiced upon the plaintiff and other stockholders, he is not enforcing a derivative right; * * *".

Despite the fact that, in the opinion of the Court, the bill of complaint alleges a primary cause of action, rather than a derivative action, the amount involved in this controversy insofar as the interest of the plaintiff is concerned falls far short of the jurisdictional amount required and, therefore, the motion to dismiss is granted.