## SOBEL v. WHITTIER CORP. et al.

No. 11390.

United States Court of Appeals
Sixth Circuit.

April 7, 1952.

362

Ralph L. Seltzer, Detroit, Mich., for appellant.

John A. Hamilton and John P. Laughna, Detroit, Mich., for appellees.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

On September 13, 1950, the Whittier Corporation entered into a merger agreement with the Detroit Housing Corporation of Michigan. The agreement included a proposed sale by the Whittier Corporation of 15,824.89 shares of its stock to the Detroit Housing Corporation of Michigan at $81 per share. The latter company was to finance the purchase through loans in the amount of approximately $1,300,000, to be secured by pledging the shares in question as collateral. On November 16, 1950, the Whittier Corporation sent notice of a special meeting of shareholders, to be held December 11, 1950, for the purpose of either approving or rejecting the merger.

On December 1, 1950, appellant Ida Sobel, a stockholder in the Whittier Corporation, filed her complaint, asking that the merger be restrained on grounds of fraud; and on the same day, the district court entered a temporary restraining order against further action in effecting the merger, as well as an order, directed to the Whittier Corporation and to the parties associated in the merger—the appellees in this case—to show cause why they should not be restrained from holding the special meeting and taking action approving the merger agreement.

On December 6, 1950, appellees moved to dissolve the restraining order and to dismiss the bill of complaint, and on December 8, 1950, the restraining order was modified by the district court to the effect that the respondents in that proceeding—appellees herein—might proceed to hold the special meeting for the purpose of approving or rejecting the merger, but that no further action be taken to consummate it until the further order of the court.

At the special meeting held on December 11, 1950, shareholders, either present or by proxy, representing 31,303 shares (out of 35,886.16 eligible) voted in favor of the merger; and stockholders representing 65 shares voted against it. Appellant Ida Sobel had received the regular notice to attend the special meeting; and it is admitted that she was given an opportunity to appear at the meeting, either in person or by proxy, without prejudice to any of the rights she claimed in her suit; but she did not appear either in person or by proxy.

It is admitted that appellant was the owner of only 3 shares of stock in the Whittier Corporation; that the value of these shares was $40 a share; that she was offered by the Whittier Corporation, during the course of these legal proceedings, the sum of $81 a share for her stock, which was the same price as that paid stockholders under the merger agreement; and that, at the present time, there are approximately 900 shareholders of the stock of the Whittier Corporation.

On January 5, 1951, the District Court, 95 F.Supp. 643, upon appellees' motion previously filed, dismissed appellant's bill of complaint on various grounds: that, although appellant claimed a derivative cause of action, as representing other stockholders, her bill of complaint was, in fact, founded upon a primary cause of action; and that the amount involved in appellant's claim failed of the jurisdictional amount of $3,000.

Subsequent to the order of the district court dismissing appellant's bill of complaint, appellees completed the merger in the form required by the statutes of the State of Michigan. Since that time, the Detroit Housing Corporation, in accordance with the terms of the merger agreement, ceased to exist as a separate corporate entity; and the Whittier Corporation, as the resulting merged corporation,

has since that time operated as a corporate entity, and has assumed and paid the liabilities of the Detroit Housing Corporation which resulted from this transaction in excess of $1,300,000.

In our determination of the case, it is unnecessary to pass upon many interesting issues presented by the briefs and arguments, or upon the matters decided by the district court, because of one primary and controlling fact. Appellant did not apply for a stay of proceedings or injunction pending appeal to this court. Her bill of complaint sought only that the merger be restrained. This relief would now be impossible. In order to grant relief, we would be obliged to set aside all contract rights between parties who have never been before the court. The Detroit Housing Corporation was not named as a party defendant in the bill of complaint, nor have the mortgagee or any of the creditors of the Detroit Housing Corporation, or any of its creditors whom the Whittier Corporation has paid off, pursuant to the merger agreement, been made parties; nor has the mortgagee who furnished the money to pay the creditors of the Detroit Housing Corporation, in carrying out the merger agreement, been before the court.

From the foregoing, it appears that the appeal in this case has become moot. It is the duty of every judicial tribunal to decide actual controversies by a judgment which can be carried into effect and not to give opinions upon moot questions or to declare rules of law which can not affect the matter in issue before it. When, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal. Howard v. Wilbur, 6 Cir., 166 F.2d 884. Since appellant only asked to restrain the merger, and the order of the district court dismissing the bill of complaint dissolved any such restraint which had theretofore existed by way of a temporary re-straining order, and since appellant did not take any steps to preserve the existing status pending appeal, no relief could be here given, since the plan sought to be restrained has already been carried out, and, as heretofore said, the appeal is moot. Hyams v. Calumet & Hecla Mining Co., 6 Cir., 221 F. 529.

In accordance with the foregoing, the appeal is dismissed.