## GOLDBERG et al. v. WHITTIER CORP. et al.

### Civ. A. No. 10061.

United States District Court
E. D. Michigan, S. D.

April 1, 1953.

Shulman, Shulman, & Abrams, Chicago, Ill., and Harris W. Wienner, Detroit, Mich., for plaintiff.

John A. Hamilton and John P. Laughna, Detroit, Mich., for defendants.

THORNTON, District Judge.

On December 11, 1950, plaintiffs Goldberg and Marple filed a "Complaint to Prevent Merger, for Dissolution, Receiver and Accounting". Between that date and January 22, 1951, several additional amendments to the complaint were filed. In one of these, plaintiff Kling was added as a party plaintiff, and Emanuel J. Harris as a party defendant. In another amendment certain events that had taken place subsequent to December 11, 1950, in furtherance of the merger plans were set forth. In another amendment still other matters concerning the giving of a mortgage relative to the merger plans were set forth.

Motions to dismiss the complaint were filed by various defendants, hearings had therein, and briefs submitted to the Court. Because of the pendency of an appeal from this Court's decision in the case of Sobel v. Whittier, No. 10039, D.C., 95 F.Supp. 643, to the Court of Appeals for the Sixth Circuit, a suit having the same background as the instant suit and some similar issues, this Court withheld determination herein. The decision on the appealed case was handed down April 7, 1952, and since that date the parties herein have again been before the Court for oral argument and have submitted further memorandums of law.

For a concise statement of the background of the subject matter of this action, reference is hereby made to Sobel v. Whittier, 6 Cir., 195 F.2d 361.

The basis for Federal jurisdiction alleged by plaintiffs is diversity of citizenship and an amount in controversy exceeding $3,000. In the amendment by which plaintiff Kling was added as a plaintiff, there is no allegation as to her citizenship, but we may fairly assume for purposes of this memorandum that the allegation in the original complaint to the effect that plaintiffs are citizens and residents of the state of Illinois is applicable to her also.

It has been stated by counsel for the plaintiffs that he assumes that this is not the type of class action known as a secondary or derivative suit. For the reasons appearing in our order of January 5, 1951, in Sobel v. Whittier, No. 10039, supra, we hold that it cannot be construed as such.

The issue here is whether this suit may be maintained as some other form of class action and, if so, whether the jurisdictional amount is present. The value of the shares of stock owned by each plaintiff is admittedly less than $3,000.

Unless the values may be aggregated, or unless some other value than that of the shares owned by each plaintiff is the test, the Court is without jurisdiction to entertain this action. If this be a "true" class action, then plaintiffs' claims may be aggregated for purposes of determining the jurisdictional amount. If it be the "spurious" or "hybrid" type, they may not. See Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 143 F.2d 819, 822. This Court has read numerous cases in order to give the plaintiffs the benefit of any doubt on the question of the type of class action here involved. The section in Moore's Federal Practice, 2d Ed., covering Rule 23 sets forth succinctly the distinction among the three types of class suits—true, hybrid and spurious. See Moore's Federal Practice, 2d Ed., Sections 23.08–23.10. Since the right or rights sought to be enforced here are not derivative, for the reasons set forth in the order of this Court in Sobel v. Whittier, supra, and since they are obviously not joint or common, each plaintiff having separate ownership of his own shares of stock, this action is not the "true" type of class action.

Coming to the next category, a "hybrid" class suit, where distribution or management of property is involved, we are confronted with the case of Pennsylvania Co. etc. v. Deckert, 3 Cir., 123 F.2d 979, 983. Therein it was held that:

"If the statement of the court below is correct, we must conclude at least insofar as trust assets are concerned, that the individual planholders possess no right to common property. Therefore they could not maintain a hybrid class action in respect to the trust funds."

We recognize that the question of jurisdictional amount was not there involved as jurisdiction was founded on the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., and we further recognize that the

384

question of insolvency was there involved. However, we do not deem these two factors to have significance insofar as the discussion of types of class action is concerned and do consider said discussion pertinent here in that respect. It was there held that the individuals possess no right to common property and that, therefore, they could not maintain a "hybrid" class action with respect to certain trust funds. Do the individual plaintiffs herein possess a right to common property? If so, then the test of jurisdictional amount may well be the value of such property—the property here sought to be affected by this suit. However, a stockholder does not possess a right to common property in the strict sense, since he is not a joint tenant, tenant in common, or co-owner of the corporate property. 18 C. J.S., Corporations, § 512.

We therefore conclude that the class action here is of the "spurious" type and that the value of each plaintiff's claim or interest must exceed $3,000. Such is not the case. Therefore, the complaint must be dismissed and an order may be presented accordingly.