## KELAGHAN
v.
## INDUSTRIAL TRUST CO. et al.
### No. 4815.

United States Court of Appeals, First Circuit.
March 16, 1954.

Raymond J. McMahon, Jr., Providence, R. I. (John B. Kelaghan, Providence, R. I., on the brief), for appellant.

Matthew W. Goring, Providence, R. I. (Stuart H. Tucker and Stephen B. Ives, Jr., Providence, R. I., on the brief), for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

## PER CURIAM.

The amended complaint in this case, removed from the Superior Court of the State of Rhode Island, was filed by a stockholder of Industrial Trust Company, a banking corporation organized under the laws of Rhode Island, against Industrial Trust Company and numerous individual defendants as directors of the said corporation. All the parties were alleged to be citizens of Rhode Island. The object of the suit was to obtain an injunction against the defendants, forbidding them from carrying out the terms of a proposed plan of consolidation of Industrial Trust Company with The Providence Union National Bank, on the allegation that "the said consolidation attempted with the consent of less than a unanimous vote of the stockholders of said corporation would be *ultra vires* the said corporation, illegal, and in violation of the rights of the stockholders dissenting thereto." The United States District Court for the District of Rhode Island denied a motion by plaintiff to remand the case to the state court and, after hearing and adjudication on the merits, entered judgment on December 30, 1953, dismissing the amended complaint.

Plaintiff filed a notice of appeal from this judgment of the district court.

No stay or supersedeas having been sought or granted, appellees proceeded to complete the consolidation in accordance with the plan. Industrial Trust Company has, by appropriate instruments of transfer, conveyed all its assets to the Industrial National Bank of Providence (the new corporation resulting from the consolidation).

In view of this supervening development, appellees now move to dismiss the appeal as moot, on the authority of Sobel v. Whittier Corp., 6 Cir., 1952, 195 F.2d 361, a decision which we deem to be in point. At the oral argument on the motion to dismiss, appellees conceded that if they succeeded in obtaining dismissal of the appeal as moot, they would not be entitled to retain the benefit of the judgment appealed from as being *res judicata* on the issue of the validity of the consolidation. Accordingly, our mandate to the district court will be to vacate the judgment of December 30, 1953, and to enter judgment dismissing the amended complaint without prejudice. See United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36.

A judgment will be entered remanding the case to the District Court with direction to vacate its judgment of December 30, 1953, and to enter a judgment dismissing the amended complaint without prejudice; no costs in this court.