300 F.2d 200
 Harriet B. SAWYER, Appellant,
v.
PIONEER MILL COMPANY, Ltd., a corporation, C. H. Smith, H. C. Eichelberger, J. E. Ednie, H. A. Walker, Jr., M. A. Pietschman, F. W. Broadbent, Howard Butcher, III, J. Russell Cades, L. S. Dillingham, J. J. Jepson, R. R. Midkiff, H. V. von Holt, Appellees.
 No. 17223.
 United States Court of Appeals Ninth Circuit.
 March 14, 1962.
 
 Kenney, Morris & Ibanez, Robert W. Kenny, Los Angeles, Cal., Bouslog & Symonds, Honolulu, Hawaii, for appellant.
 J. Russell Cades, Smith, Wild, Beebe & Cades, Honolulu, Hawaii, Marion B. Plant, Brobeck, Phleger & Harrison, San Francisco, for appellees.
 Walter P. North, Gen. Counsel, David Ferber, Asst. Gen. Counsel, Richard M. Phillips, Attorney, S. E. C., Washington, D. C., for Securities & Exchange Com., amici curiae.
 Before CHAMBERS, BARNES, HAMLEY, HAMLIN, JERTBERG, MERRILL, KOELSCH, BROWNING and DUNIWAY, Circuit Judges.
 DUNIWAY, Circuit Judge.
 
 
 1
 There are before us an appeal from a judgment dismissing a complaint and a motion to dismiss the appeal. We have concluded that the motion should be granted.
 
 
 2
 Jurisdiction below was predicated upon Sections 14(a) and 10 of the Securities and Exchange Act of 1934, 15 U.S.C.A. §§ 78n(a) and 78j and Securities and Exchange Commission Rule X-10B-5 (17 C.F.R. § 240.10b-5). We have jurisdiction under 28 U.S.C. § 1291.
 
 
 3
 Appellees' motion is based upon a claim that the matter is moot, and we agree. The pertinent facts, stated in chronological order, begin on October 12, 1960, with the circulation of a notice of a special meeting by a Hawaiian corporation, Pioneer Mill Company, Ltd. (Pioneer), to its stockholders. This was accompanied by a 68 page printed proxy statement relating to a proposed plan of reorganization whereby stock of Pioneer would be exchanged for stock of another Hawaiian corporation, American Factors, Limited, (American) in the ratio of 1 to 1.1. The plan contemplated the merger of Pioneer with American. The statement was accompanied by a proxy and a letter from Pioneer's president recommending the proposal. A second letter, from the Vice President and also recommending the proposal, was sent on October 26. The meeting was called for the morning of Tuesday, November 29.
 
 
 4
 On November 21, appellant, a stockholder of Pioneer, filed this action. She named as defendants Pioneer and its officers and directors, but not American. She alleged that American owned 57.4% of the stock of Pioneer and that some of the individual defendants were officers or directors of American. She then alleged that the proxy statement was false and misleading in certain material respects, and was circulated in violation of Section 14(a), supra. The prayer was that the defendants be enjoined from holding the contemplated meeting of November 29, from using the proxy statement or any other misleading statement and from using any proxies obtained by use of the statement, and for further relief. There was no prayer that the proposed merger be enjoined, nor would this have been appropriate in an action to which American was not a party.
 
 
 5
 Accompanying the complaint was a motion for a preliminary injunction, by which the same relief was asked, pendente lite, the motion being noticed for November 25, a Friday. On that day, appellee filed a "return", asserting, among other things, lack of jurisdiction, failure to join indispensable parties (the stockholders who had signed proxies), unclean hands, and want of equity.
 
 
 6
 A hearing was had, at which it developed that Section 14(a) of the Securities and Exchange Act (15 U.S.C.A. § 78n(a)) did not apply because the stock was not listed on any national securities exchange. Appellant then asked and was granted permission to amend her complaint to allege that jurisdiction was also based upon Section 10 (15 U.S.C.A. § 78j). The court indicated that it doubted that it had jurisdiction, but took the matter under submission until the following Monday, November 28. On that day, it held that it did not have jurisdiction. At the Monday hearing, appellant asked leave to amend her complaint by adding to the prayer a demand that, if the merger should receive a favorable vote, it be rescinded. The motion was denied, as was the motion for preliminary injunction, and judgment of dismissal followed.
 
 
 7
 The motion to dismiss the appeal shows that the November 29 meeting was held and the merger was approved and has been completed. It also shows that, pursuant to Revised Laws of Hawaii, 1955, Sec. 173-19, appellant, as a dissenting shareholder, has demanded that she be paid the fair market value of her shares. It is claimed that she thereby lost her status as a shareholder (Rev.Laws.Haw. § 173-20) and can no longer maintain this action. The motion also shows, however, that she made her demand solely because of the time limit specified in the Hawaiian statute, and under protest. We do not pass upon the question as to whether she thereby lost her right to proceed with this action (Compare Ramsburg v. American Investment Company of Illinois, 7 Cir., 1956, 231 F.2d 333 with Beechwood Securities Corporation, Inc. v. Associated Oil Co., 9 Cir., 1939, 104 F.2d 537), because the motion to dismiss should be granted upon other grounds.
 
 
 8
 The original purpose of the action is clear — to prevent the use, at the meeting of the stockholders of Pioneer, of proxies solicited by means of a proxy statement claimed to be misleading. The idea of a rescission of the merger is obviously an afterthought of appellant or her counsel. American, the other party to the merger, was not named as a defendant, nor did appellant ask leave to join it. Obviously, it was a necessary party in any attempt to prevent the merger, and it is difficult to believe that its omission was inadvertent. In short, since the purpose was to prevent the meeting, or the use of the proxies at the meeting, since both of those things have happened, and since the present action is not an appropriate vehicle for an attack upon the merger, the action has become moot. (Sobel v. Whittier Corp., et al, 6 Cir., 1952, 195 F.2d 361; Kelaghan v. Industrial Trust Co., et al, 1 Cir., 1954, 211 F.2d 134; Fink v. Continental Foundry & Machine Company, 7 Cir., 1957, 240 F.2d 369). As is pointed out in Fink, Ramsburg v. American Investment Company of Illinois, supra, 7 Cir., 1956, 231 F.2d 333 is not in point because there both parties to the merger were before the court. Not so in Sobel, Kelaghan or Fink; not so here.
 
 
 9
 We think that, in order to make it clear that the judgment appealed from is not res judicata as to the validity of the merger, the proper course is that followed in Kelaghan, supra. The matter is remanded to the District Court with directions to vacate the judgment and dismiss the complaint without prejudice.