**James J. CHICK et al.,
Plaintiffs-Appellants,**

v.

**Carla A. HILLS et al.,
Defendants-Appellees.**

**No. 75–1274.**

United States Court of Appeals,
First Circuit.

Argued Nov. 4, 1975.

Decided Jan. 22, 1976.

Michael D. Padnos, Boston, Mass., for appellants.

David L. Whitney, Boston, Mass., for Boston Redevelopment Authority, appellee.

Jeffrey Swope, Boston, Mass., with whom Palmer & Dodge, Boston, Mass., was on brief, for E.T.C. Development Inc., and others, appellees.

Albert F. Cullen, Jr., Boston, Mass., with whom John G. Carberry, Boston, Mass., and Nessen & Csaplar, Boston, Mass., were on brief, for Massachusetts Housing Finance Agency, appellee.

Michael A. McCord, Atty., Dept. of Justice, with whom Walter Kiechel, Jr., Acting Atty. Gen., Edmund B. Clark, and Carl Strass, Attys., Dept. of Justice, Washington, D. C., were on brief, for Carla A. Hills, etc., appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

This is an appeal by a group of residents of the South End of Boston from the dismissal of their suit to enjoin the financing and construction of a federally subsidized housing project in their neighborhood. They alleged that the Department of Housing and Urban Development (HUD) had failed to comply with § 102 of the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332, in connection with the project.[1] In particular, the residents charged that HUD had unlawfully segmented the project from the overall development plan for the area, that the Special Environmental Clearance prepared by HUD was inadequate under HUD regulations, and that an Environmental Impact Statement

---

1. The action was filed against Carla A. Hills, Secretary of the U. S. Department of Housing and Urban Development (HUD), the Massachusetts Housing and Finance Agency (MHFA), and the Boston Redevelopment Authority (BRA). The developers, E.T.C. Development Corp., and E.T.C. Developers, Inc., subsidiaries of Emergency Tenants Council (collectively referred to as ETC), intervened.

(EIS) should have been prepared for the total planned development in the area. The district court found that NEPA had been satisfactorily complied with, denied the requested injunction, and dismissed the suit.

The housing project, Viviendas La Victoria I (La Victoria I) is sited in Parcel 19, a development area designated by the Boston Redevelopment Authority (BRA). In 1969, BRA tentatively designated ETC as the developer of the Parcel. ETC's overall plan calls for a high rise residence for the elderly, two rehabilitation projects (Phase I and Phase II or Casa Borinquen), and two housing projects for low and middle income families (Viviendas La Victoria I and II). As of the date of suit, two portions of the plan had been completed, Phase I rehabilitation and the high rise for the elderly. Both had been financed through federal programs.

In evaluating ETC's application for financial assistance for La Victoria I under § 236 of the National Housing Act. 12 U.S.C. § 1715z–1, HUD prepared a Special Environmental Clearance (SEC), the appropriate document under HUD regulations, HUD Handbook 1390.1, 38 Fed.Reg. 19182 (July 18, 1973), *as amended*, 39 Fed.Reg. 38922 (Nov. 4, 1974), for a housing project containing 100–500 units. As the SEC did not suggest that the project would create an adverse environmental impact, an EIS was not prepared.

Plaintiffs claim that the SEC evaluating La Victoria I was not the appropriate form of environmental review for this project. Invoking the principles articulated in *Jones v. Lynn*, 477 F.2d 885

(1st Cir. 1973), they contend that HUD should have prepared an environmental review for all of Parcel 19. Since the plans for the Parcel call for more than 500 dwelling units, an EIS should have been prepared according to the applicable regulations. *Id.*[2] Distinguishing *Jones*, the district court found that HUD had not recognized Parcel 19 as a redevelopment unit and that there was no expectation of additional HUD financing for the remaining construction on the Parcel. Accordingly, it held that HUD had not unlawfully segmented the Parcel in limiting its environmental review to La Victoria I. The issue on appeal is whether the district court's finding that La Victoria I was the relevant federal action for NEPA purposes was clearly erroneous.

Before proceeding to the merits, there is a preliminary issue of mootness. This suit was filed on April 25, 1975, but a preliminary injunction was not requested. On May 9, 1975, ETC, BRA, MHFA, and HUD closed on the financing of La Victoria I. Construction was begun. On May 29, plaintiffs moved for a preliminary injunction to restrain the defendant government agencies from dispersing any funds to ETC. By the time of argument on this appeal, approximately one million dollars had been spent on the construction of the housing project.[3]

Appellees claim that this appeal should be dismissed as moot because the work on the project has progressed so far as to be irreversible. *See Kelaghan v. Industrial Trust Co.*, 211 F.2d 134 (1st Cir. 1954). The federal action, executing contracts with the developers and the

---

**2.** Plaintiffs also claim that HUD has failed to prepare a reviewable environmental record to support its decision not to prepare an EIS for Parcel 19. *See Hanley v. Mitchell*, 460 F.2d 640, 648 (2d Cir. 1972). Plaintiffs concede, however, that a SEC, prepared in accordance with HUD regulations, is a sufficient record. As a SEC was prepared for La Victoria I, the claim that HUD failed to prepare an adequate environmental record depends upon the identification of the relevant project, La Victoria I or Parcel 19.

**3.** Appellants filed a petition for an injunction pending appeal with this court on August 14, 1975. The district court had dismissed their complaint on June 18, and they had not petitioned the district court for an injunction pending appeal pursuant to F.R.A.P. 8(a) until July 28. As the appellants had not moved with dispatch to present their application for an injunction, and over one-half million dollars had been expended on construction by the time of the request, we denied their petition. Local Rule 10.

state and local government agencies, had been completed. *See San Francisco Tomorrow v. Romney,* 472 F.2d 1021, 1025 (9th Cir. 1973). HUD retains no discretionary power to alter the plans for the project. *Compare Wilson v. Lynn,* 372 F.Supp. 934, 936 (D.Mass.1974). Further, relying on the contract with HUD, the other defendants have proceeded with the financing and construction of the project. An injunction would severely prejudice their interests. We note, however, that inequity barring blanket injunctive relief does not necessarily render a suit challenging the federal government's compliance with NEPA moot. *See Conservation Society of Southern Vermont v. Secretary of Transportation,* 508 F.2d 927, 935 (2d Cir. 1974); *Environmental Defense Fund, Inc. v. Froehlke,* 477 F.2d 1033 (8th Cir. 1973). Since we affirm the decision of the district court on the merits, we do not decide whether we could have properly dismissed this case as moot.

■■ The sole question on appeal is whether the district court properly found that La Victoria I was the relevant federal project for environmental review. As La Victoria I was the project for which HUD was granting financial assistance, the plaintiffs had the burden to show that the federal government had plans to participate in future projects on excluded segments of the Parcel. *Cf. Hiram Clarke Civic Club. v. Lynn,* 476 F.2d 421, 424–25 (5th Cir. 1973). Fur-

ther, the question of whether a project is federal for NEPA purposes is one of fact. *See City of Boston v. Volpe,* 464 F.2d 254 (1st Cir. 1972). The district court's findings can be set aside only if they are clearly erroneous. Fed.R.Civ.P. 52(a).

■ The district court first found that, "HUD has not recognized Parcel 19 as a redevelopment unit". Plaintiffs challenge this finding, pointing to ETC documents filed with HUD which refer to La Victoria I as part of the overall plan of the Parcel. There was no evidence, however, that HUD adopted the ETC plan as its own or even that the agency would participate further in the development of the Parcel. Second, the district court found that "[t]here is no present expectation of additional HUD financing of any construction on Parcel 19". Plaintiffs claim that the federal government will participate in the two remaining segments of the plan, La Victoria II and Casa Borinquen. The evidence submitted to the district court tended to show the opposite; federal funds would not be available for Victoria II as the subsidized housing program had been discontinued. There was no substantial evidence submitted in connection with the rehabilitation project.[4] In sum, the determination of the district court that there was no planned federal participation in the remaining portions of Parcel 19 was not clearly erroneous.

Affirmed.

---

4. At argument, plaintiffs asserted that the Massachusetts Housing Finance Administration (MHFA) was applying for HUD financial assistance in connection with the project known as "Rehabilitation II or Casa Borinquen". In a subsequent letter, the attorney representing HUD before this court, acknowledged that the MHFA had applied for funds in connection with this project to the Boston Regional Office of HUD.

We are, of course, required to review a case upon the record made in the district court below. F.R.A.P. 10(a). Even if we were to con-

sider this, it would not necessarily alter the result in this case. Application for funds from the federal government carries no implication that the funds will be granted.

We recognize that should the funds ultimately be granted, it would be more difficult, viewing through the lens of hindsight, to distinguish the facts of this case from the type of segmentation disapproved in *Jones v. Lynn, supra.* But on the record before the district court, we see no basis for disturbing its findings of fact as to expectation of future financing.