36 F.3d 1089
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Patrick TRACY and Aedan McCarthy, Plaintiffs, Appellants,
v.
KENNEBEC COUNTY SHERIFF, Defendant, Appellee.
 No. 94-1111
 United States Court of Appeals,
First Circuit.
 September 9, 1994
 
 Appeal from the United States District Court for the District of Maine [Hon. Morton A. Brody, U.S. District Judge ]
 Patrick Tracy and Aedan McCarthy on brief pro se.
 William R. Fisher and Monaghan, Leahy, Hochadel & Libby on brief for appellee.
 D.Me.
 DISMISSED IN PART, VACATED IN PART, AND REMANDED.
 Before Torruella, Chief Judge, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Pro se plaintiffs Patrick Tracy and Aedan McCarthy appeal a district court judgment that dismissed their 42 U.S.C. Sec. 1983 complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). Both plaintiffs were inmates at the Kennebec County Jail when they commenced this action and their complaint named the Kennebec County Sheriff as the sole defendant. The complaint alleged that the plaintiffs were being denied their rights to meaningful access to the courts because the law library at the Kennebec County Jail was "totally inadequate." The plaintiffs sought injunctive relief in the form of an order requiring the jail to bring the law library up to the minimum standards set by the American Association of Law Libraries.
 
 
 2
 By letter dated March 2, 1994, Tracy advised the clerk of this court that he had been transferred from the Kennebec County Jail to another jail. We have also been advised that McCarthy now resides at the Maine State Prison in Thomaston. As neither plaintiff is presently incarcerated at the Kennebec County Jail, their claims for injunctive relief are moot. Accordingly, this appeal is dismissed, the district court's judgment is vacated, and the case is remanded with directions to dismiss the plaintiffs' complaint as moot. See United States v. Munsingwear, 340 U.S. 36, 39-40 (1950); Gomes v. Rhode Island Interscholastic League, 604 F.2d 733, 736 (1st Cir. 1979); Kelaghan v. Industrial Trust Co., 211 F.2d 134, 135 (1st Cir. 1954)(per curiam).
 
 
 3
 It is so ordered.