USCA1 Opinion

 

 September 9, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1111 PATRICK TRACY and AEDAN MCCARTHY, Plaintiffs, Appellants, v. KENNEBEC COUNTY SHERIFF, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Patrick Tracy and Aedan McCarthy on brief pro se. _____________ ______________ William R. Fisher and Monaghan, Leahy, Hochadel & Libby on brief _________________ __________________________________ for appellee. ____________________ ____________________ Per Curiam. Pro se plaintiffs Patrick Tracy and __________ Aedan McCarthy appeal a district court judgment that dismissed their 42 U.S.C. 1983 complaint as frivolous within the meaning of 28 U.S.C. 1915(d). Both plaintiffs were inmates at the Kennebec County Jail when they commenced this action and their complaint named the Kennebec County Sheriff as the sole defendant. The complaint alleged that the plaintiffs were being denied their rights to meaningful access to the courts because the law library at the Kennebec County Jail was "totally inadequate." The plaintiffs sought injunctive relief in the form of an order requiring the jail to bring the law library up to the minimum standards set by the American Association of Law Libraries. By letter dated March 2, 1994, Tracy advised the clerk of this court that he had been transferred from the Kennebec County Jail to another jail. We have also been advised that McCarthy now resides at the Maine State Prison in Thomaston. As neither plaintiff is presently incarcerated at the Kennebec County Jail, their claims for injunctive relief are moot. Accordingly, this appeal is dismissed, the _________ district court's judgment is vacated, and the case is _______ remanded with directions to dismiss the plaintiffs' complaint ________ as moot. See United States v. Munsingwear, 340 U.S. 36, 39- ___ _____________ ___________ 40 (1950); Gomes v. Rhode Island Interscholastic League, 604 _____ ___________________________________ F.2d 733, 736 (1st Cir. 1979); Kelaghan v. Industrial Trust ________ ________________ Co., 211 F.2d 134, 135 (1st Cir. 1954)(per curiam). ___ It is so ordered. ________________ -3-