94 F.3d 640
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ervin TRIPLETT, Plaintiff, Appellant,
v.
Joseph LEHMAN, et al., Defendants, Appellees.
 No. 96-1222.
 United States Court of Appeals, First Circuit.
 Aug. 21, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge ]
 Ervin Triplett on brief pro se.
 Andrew Ketterer, Attorney General, Diane Sleek and Peter J. Brann, Assistant Attorney Generals, on brief for appellees.
 D.Me.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 Pro se plaintiff Ervin Triplett appeals a district court order that dismissed his 42 U.S.C. § 1983 complaint for injunctive relief from the alleged denial of his right of access to the courts. That complaint alleged that the defendant employees of the Maine Department of Corrections had violated that right by denying or ignoring plaintiff's requests for access to the prison law library at MCI-Warren.[1]
 
 
 2
 As it is undisputed that plaintiff is no longer incarcerated at MCI-Warren, we agree that the district court properly dismissed plaintiff's complaint as moot. See United States v. Munsingwear, 340 U.S. 36, 39-40 (1950); Gomes v. Rhode Island Interscholastic League, 604 F.2d 733, 736 (1st Cir.1979); Keleghan v. Industrial Trust Co., 211 F.2d 134, 135 (per curiam). We decline to address plaintiff's claim that the defendants transferred him out of MCI-Warren in retaliation for filing this lawsuit. As plaintiff never clearly alleged that he was seeking damages for a retaliatory transfer and further failed to serve the defendants with notice of this claim, it is not properly before us.
 
 
 3
 The judgment of the district court is affirmed.
 
 
 
 [1]
 Although we do not reach the issue in the present appeal, we note that the plaintiff's complaint patently fails to state a viable claim under the Supreme Court's recent decision in Lewis v. Casey, 64 U.S.L.W. 4587, 4589 (U.S. June 24, 1996)(holding that prisoner must show actual injury to establish violation of right of access to the courts)