## WILLIAMS, GOVERNOR OF MICHIGAN, ET AL. *v.* SIMONS, CHIEF JUDGE, UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, ET AL.

No. 74, Misc.   Decided November 18, 1957.

*G. Mennen Williams,* Governor of Michigan, *Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* then Solicitor General, *Samuel J. Torina,* now Solicitor General, and *Joseph A. Sullivan,* Deputy Attorney General, for petitioners.

PER CURIAM.

It appearing that this case has become moot, the rule to show cause is discharged and the motion for leave to file petition for writ of mandamus or in the alternative prohibition and mandamus is denied.

Memorandum by MR. JUSTICE FRANKFURTER, in which MR. JUSTICE BRENNAN joins.

In view of the disposition the Court makes of this unusual litigation, it seems desirable to set forth the facts.

(1) *Inquiry Into Municipal Officers' Wrongdoing.*

Aug. 1956—The Attorney General of Michigan and the Prosecuting Attorney of Wayne County, Michigan, filed with the Circuit Court of the Third Judicial Circuit for Wayne County an application for a judicial investigation of criminal offenses and unlawful practices in the City of Ecorse and other governmental units in Wayne County. *In re Kavanagh,* Misc. No. 83258.

That court entered an order appointing Theodore R. Bohn, Circuit Judge, to conduct an inquiry pursuant to Mich. Comp. Laws, 1948, §§ 767.3 and 767.4, as amended by Mich. Pub. Acts 1949, No. 311, Mich. Pub. Acts 1951, No. 276.[1]

---

[1] Section 767.3 authorizes a single judge to conduct an inquiry into alleged illegal practices. Section 767.4 provides that if the judge is satisfied that an offense has been committed and that there is probable cause to believe a person guilty thereof, he may cause his apprehension on proper process. It further provides that if the judge has probable cause to believe that any public officer removable by law has been guilty of misfeasance or malfeasance in office, he shall make findings to this effect and serve them upon the public official having jurisdiction to remove the accused officer.

Sept. 1956—Inquiry conducted by Judge Bohn pursuant to §§ 767.3 and 767.4.

Oct. 17, 1956—Warrant signed by Judge Bohn for the arrest of William Voisine, mayor of the City of Ecorse, and Albert Buday and Francis Labadie, members of the city council of Ecorse. The warrant recites that there is probable cause to believe that Voisine, Buday, Labadie, and others have conspired to obstruct justice by knowingly permitting illegal gambling to flourish in return for bribes and gratuities. A separate warrant issued, evidently on October 22d, charging Elmer Korn, also a member of the city council, with accepting bribes.

Oct. 23, 1956—Judge Bohn signed and transmitted to G. Mennen Williams, Governor of Michigan, findings of probable cause to believe Voisine, Labadie, and Buday guilty of misfeasance in office, and of other offenses constituting grounds for removal, and recommended that the Governor, the official empowered to do so, take steps to remove them from office. Similar findings were transmitted to the Governor concerning Elmer Korn.

(2) *Criminal Proceedings.*

Nov. 1956—Preliminary examination held by Justice of the Peace, and accused officers bound over for trial in the Circuit Court on criminal charges.

Dec. 21, 1956—Information filed in the Circuit Court for Wayne County against Voisine, Buday, Labadie, and others, by the Attorney General, charging a conspiracy to obstruct justice by knowingly permitting illegal gambling in return for bribes and gratuities. Arraignment set for January 15, 1957. *People* v. *Voisine,* No. 34092.

Jan. 11, 1957—Information filed against Korn.

——Motions to quash filed by Voisine and Labadie.

(3) *Removal Proceedings.*

Governor initiated removal proceedings against accused officers, pursuant to constitutional and statutory authorization. Mich. Const., Art. IX, § 8; Mich. Comp. Laws, 1948, § 767.4, as amended by Mich. Pub. Acts 1949, No. 311, Mich. Pub. Acts 1951, No. 276; Mich. Comp. Laws, 1948, § 168.327, as added by Mich. Pub. Acts 1954, No. 116, c. XV; Mich. Comp. Laws, 1948, §§ 201.7, 201.10.[2]

Oct. 25, 1956—Executive order issued by Governor Williams, on the basis of the findings of Judge Bohn, directing the Attorney General to inquire into the charges made against Korn, and appointing John W. Conlin, Probate Judge, to conduct hearings and take testimony produced before him.

——Executive order issued by Governor directing the Attorney General and Judge Conlin to conduct similar proceedings against Voisine, Labadie, and Buday.

Nov. 1 or 2, 1956—Notice of removal proceedings was served on Voisine, Labadie, and Buday, and hearing set for November 13th.

---

[2] Section 767.4 provides that findings of probable cause transmitted to the Governor by a judge who has conducted an investigation under § 767.3 shall be a sufficient complaint as a basis for initiation of removal proceedings. Section 168.327 authorizes the Governor to remove an elected municipal officer when satisfied by sufficient evidence submitted to him in the manner prescribed by law that the officer is guilty of misconduct. Sections 201.7 and 201.10 authorize the Governor to direct the Attorney General to inquire into the charges and to present testimony and examine witnesses before a probate judge appointed by the Governor for such purpose. The probate judge is to certify a transcript of the testimony produced before him by the Attorney General and the accused officer, and deliver it to the Attorney General for transmittal to the Governor.

——Korn also served with notice of the removal proceedings.

Nov. 13, 1956—Removal proceedings continued to November 21st.

Nov. 21, 1956—Accused officers filed motions to dismiss the proceedings, and objected to hearing on removal charges before trial in the criminal proceedings.

Removal proceedings continued to January 7th, 1957, and then to January 9th.

Jan. 9, 1957—Order issued by Judge Conlin the effect of which, according to accused officers, was to deny their various motions.

(4) *Intervention by United States District Court.*

Jan. 14, 1957—Complaint filed by Voisine, Labadie, Buday, and Korn in the United States District Court for the Eastern District of Michigan, naming as defendants Judge Conlin, Governor Williams, Judge Bohn, and Attorney General Kavanagh, and alleging that the statute conferring removal power on the Governor, and the statutes under which Judge Bohn acted, violate the complainants' rights under the Federal Constitution. The complaint prays: that a temporary restraining order issue to prevent defendants from continuing with the removal proceedings until other matters of relief prayed for can be determined; that a three-judge District Court be organized under 28 U. S. C. § 2284, as required by 28 U. S. C. § 2281, to issue a preliminary injunction; that on final hearing the removal proceedings be declared unconstitutional and void, and that a permanent injunction issue against defendants' continuing the proceedings; that the warrant and information underlying the criminal action be determined

54

to have arisen out of unconstitutional proceedings. *Voisine* v. *Conlin,* Civ. No. 16638.

Complainants also filed a notice of motion for a preliminary injunction and for the formation of a three-judge District Court, and prayed for a temporary restraining order to issue without notice.

Temporary restraining order issued without notice by District Judge Levin, restraining defendants from continuing with removal proceedings. See 28 U. S. C. § 2284 (3) and Fed. Rules Civ. Proc., 65.

Jan. 15, 1957—Announcement of organization of three-judge District Court, and hearing set for January 29th. Defendants agreed that temporary restraining order should remain in effect until matter disposed of by three-judge court.

Jan. 21, 1957—Defendants filed answer to complaint, denying jurisdiction of the court on the grounds, among others, that complainants had failed to exhaust their state remedies, and that the suit was in substance one to enjoin the State of Michigan from exercising its sovereign powers.

Defendants filed motion to dismiss on similar grounds.

Jan. 29, 1957—Hearing held before three-judge District Court on motions of complainants and defendants.

Feb. 1, 1957—District Court entered amended order holding in abeyance determination of the questions submitted until the termination of complainants' criminal trials or until further order of court, and continuing in force the temporary restraining order. The court recited as grounds for its action that complainants may forthwith be tried in the criminal proceedings and the constitutional questions presented may thereby become moot, and that complainants may be prejudiced in the criminal proceed-

ings by the investigation in the removal proceedings. Chief Judge Lederle, District Judge, dissented on the ground that the case was ripe for decision.

Feb. 28, 1957—The Governor and Attorney General filed a motion to dissolve the temporary restraining order or to pass on defendants' motion to dismiss, on the ground that the court had no authority to refuse to decide the motion and to continue the temporary restraining order.

Mar. 8, 1957—Proceedings on the motion to dissolve.

Mar. 11, 1957—Voisine filed an answer to the motion to dissolve.

Apr. 9, 1957—The court entered an order denying the motion to dissolve on the ground that, deeming it a motion for a rehearing, it presented no considerations that were not before the court when it entered its amended order of February 1st. Chief Judge Lederle dissented.

(5) *Proceedings in This Court for Review of District Court's Action.*

July 3, 1957—The Governor and Attorney General filed in this Court a motion for leave to file a petition for writ of mandamus or for writs of prohibition and mandamus directed against the members of the three-judge District Court to compel them to decide the motion for a preliminary injunction and the motion to dismiss, or to refrain from proceeding further in the cause and to vacate the temporary restraining order.

Petitioners asserted, among other grounds for the issuance of the writs, that in a case of great public importance the District Court had, for an unreasonable time, failed to perform its judicial function by granting or denying the motions before it, while continuing in effect the temporary restraining order.

Oct. 24 or 25, 1957—Counsel for Voisine filed in the District Court a motion to dismiss the complaint, noticed for hearing on November 4th. The Attorney General received a copy of this motion and on October 29th a copy of a similar motion by Labadie, also noticed for hearing on November 4th.

Oct. 28, 1957—This Court issued an order to the members of the District Court to show cause on or before November 12th why a writ of mandamus or prohibition should not issue. This order was sent to the respondents the same day, Monday, October 28th.

Oct. 29, 1957—The next day, the District Court entered an order, on the motion of Voisine and with the concurrence of the other complainants, vacating the temporary restraining order and dismissing the complaint. The Attorney General, we are advised, was not given notice that the District Court would act on the motion to dismiss, or given an opportunity to present objections.

Oct. 31, 1957—Defendants filed with the District Court an answer to the motion to dismiss, asserting that the court should refrain from acting on the motion until it had filed a return to this Court's order of October 28th to show cause.

Nov. 4, 1957—The District Court advised this Court of the order of dismissal of October 29th, and expressed its view that, since the issues presented by the case are moot, this Court should vacate its order to show cause.

Nov. 8, 1957—The Attorney General of Michigan, protesting against the District Court's action, requested a determination of the issues presented in spite of the District Court's order dismissing the complaint.

From the foregoing it appears that as a result of the District Court's refusal to pass on the questions pre-

sented by the complainants' motion for a preliminary injunction and the defendants' motion to dismiss, together with the court's continuance of the temporary restraining order, the Governor of Michigan and subordinate state officials designated by him were prevented for almost nine months from exercising powers claimed to be conferred upon them by Michigan law to remove municipal officers guilty of misconduct. The motion for leave to file a petition for mandamus or prohibition was filed in this Court at the end of the 1956 Term and could not be considered until the commencement of the new Term. Immediately after the Court considered the motion and issued its order to show cause on the basis of a claim that challenged the validity of the actions taken by the District Court, that court dismissed the complaint and thereby derailed, as in effect it has asserted, consideration on the merits of the issues presented by the order to show cause. Putting to one side the validity or propriety of the District Court's action in relation to the order of October 28th, and accepting the dismissal as accomplished, we must deny the petition for mandamus or prohibition. By vacating the temporary restraining order and dismissing the complaint, the District Court has brought to pass one alternative of the order petitioners would have this Court issue, thus rendering the petition for all practical purposes moot. But, although the past cannot be recalled and the physical entries in the records expunged, the legal significance and implications of this case are to be deemed expunged as though the restraints imposed by the District Court had never been ordered.

Memorandum by Mr. JUSTICE DOUGLAS.

This Court is empowered by the Constitution to decide cases and controversies. U. S. Const., Art. III, § 2. A cause that has become moot is not a case or controversy

in the constitutional sense. *Amalgamated Assn. of Street, Electric Ry. & Motor Coach Employees* v. *Wisconsin Board,* 340 U. S. 416, 418. We cannot underscore this principle too heavily. We have no business in giving any expression of views on the merits, even in squinting one way or another. That is why the Court properly restricts its action to the order entered this day.