UNITED STATES of America ex rel.
Ralph J. HOGE, Plaintiff,

v.

James F. MARONEY, Superintendent
Western State Penitentiary, Pittsburgh,
Pennsylvania, Defendant (two cases).

Civ. Nos. 61–657, 61–658.

United States District Court
W. D. Pennsylvania.

Feb. 9, 1962.

No appearance for Ralph J. Hoge.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., for the defendants in all three cases.

MARSH, District Judge.

Plaintiff, Ralph J. Hoge, filed a complaint at Civil Action No. 61–657, dated October 13, 1961, verified October 20, 1961, received by the Clerk of Court on October 24, 1961, and ordered filed in forma pauperis on November 1, 1961. This complaint averred that plaintiff is an inmate of the Western State Penitentiary, and on October 13, 1961, all his records, correspondence, and legal documents were confiscated by the defendant-Superintendent.

Plaintiff requested the court to (1) declare this action of the Superintendent to be illegal, (2) order the Superintendent to return the confiscated records, correspondence and legal documents, and (3) order the Superintendent to cease and desist from further similar confiscations.[1]

Hoge also filed a complaint at Civil No. 61–658, dated the 23rd day of October, 1961, verified October 27, 1961, received by the Clerk on October 30, 1961, and ordered filed in forma pauperis on November 1, 1961.[2] To this complaint is attached a letter written by plaintiff to the Clerk of this court, dated October 20, 1961, which, it is averred, the defendant or his subordinates refused to mail. In the letter plaintiff complains that defendant refused to furnish to him the services

---

1. The complaint at Civil No. 61–657 is entitled "Petition for Writs of Declaratory Judgment, Replevin, and Mandatory Injunction".

2. The complaint at Civil No. 61–658 is entitled "Petition for Writ of Preliminary Injunction".

of a notary public in order to verify his complaint of October 13th. On the letter appears the following: "RECEIVED Oct 20 1961 CENSORED", "Refused—Petition sent out" and "returned Oct 23rd R. J. Hoge".

In his brief plaintiff states:

"Plaintiff, wanting to up-date the court and intending to better substantiate plaintiff's pending Civil Action No. 61–657 * * * addressed this second (now Civil Action No. 61–658) petition to the court."

Thus we are constrained to consider both complaints together since the second is amendatory or supplementary to the first. In the second complaint (Civil 61–658), it is affirmatively averred that substantially all the confiscated material has been returned to plaintiff,[3] and that he now has received the services of a notary.

The actions seem to be based upon the Civil Rights Act, 42 U.S.C.A. § 1983, with jurisdiction conferred by § 1343 of Title 28 U.S.C.A. (1960 Supp.).

The defendant moves to dismiss both complaints for failure to state a cause of action upon which relief can be granted. Rule 12(b) (6), Fed.R.Civ.P. Briefs were ordered and filed by both parties.

■■■■ In the opinion of the court the motions to dismiss should be granted. Since the articles allegedly confiscated have been returned and plaintiff has received the services of a notary, the questions raised by his complaints are now moot. A federal court is without power to decide moot questions or to give advisory opinions. Williams v. Simons, 355 U.S. 49, 78 S.Ct. 109, 2 L.Ed.2d 87 (1957). Other than a slight delay, it does not appear how the plaintiff has been damaged or his cause prejudiced by the refusal of the defendant to mail the letter of October 20th to the Clerk. Cf. Ortega v. Ragen, 216 F.2d 561 (7th Cir., 1954). It is obvious from the complaints under consideration, and another filed at Civil Action No. 61–737, that plaintiff's

rights to petition and complain have not in any way been abridged. No imminent or irreparable injury is disclosed. Sims v. Greene, 161 F.2d 87 (3d Cir., 1947).

■■ It would appear that the primary allegation of the plaintiff is that he desires that this federal court cause the State prison to be investigated and declare as law the plaintiff's ideas of proper prison discipline and procedures. Such inquisitorial and disciplinary powers over State prisons this court does not possess. It is stated in United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (7th Cir., 1953), at p. 107:

"It is clearly evident that the alleged cause of action set forth in Morris' complaint is entirely without merit. He is an inmate of a State penitentiary, by reason of a conviction of a State offense. The warden is not a federal official. Federal courts will rarely intervene to interfere with the conduct of State officials carrying out their duties under State laws. Kelly v. Dowd, 7 Cir., 140 F.2d 81.

"Inmates of State penitentiaries should realize that prison officials are vested with wide discretion in safeguarding prisoners committed to their custody. Discipline reasonably maintained in State prisons is not under the supervisory direction of federal courts. Kelly v. Dowd, supra. 'We think that it is well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined.' Stroud v. Swope, Warden, 9 Cir., 187 F.2d 850, 851. A prisoner may not approve of prison rules and regulations, but under all ordinary circumstances that is no basis for coming into a federal court seeking relief even though he may claim that the restrictions placed upon his

---

3. If the defendant-Superintendent is now in wrongful possession of any legal records and documents belonging to the plaintiff, their identity and significance cannot be ascertained from the complaints.

activities are in violation of his constitutional rights."

An appropriate order will be entered granting defendant's motions to dismiss plaintiff's complaints.