**M. KLASTORIN, Plaintiff-Appellant,**

v.

**Clyde C. ROTH et al., Defendants, and George A. Fuller Company, Defendant-Appellee.**

**No. 132, Docket 29889.**

United States Court of Appeals
Second Circuit.

Argued Nov. 4, 1965.

Decided Nov. 5, 1965.

Kaufman, Taylor, Kimmel & Miller, New York City (Stanley L. Kaufman and Shephard S. Miller, New York City, on the brief), for plaintiff-appellant.

Kramer, Marx, Greenlee & Backus, New York City (John J. Hayes and Norwood P. Beveridge, Jr., New York City, on the brief), for defendant-appellee George A. Fuller Company.

Securities and Exchange Commission, Washington, D. C. (Philip A. Loomis, Jr., Gen. Counsel, David Ferber, Sol., Richard M. Phillips, Special Counsel, Richard E. Nathan, Atty.), amici curiæ.

Before KAUFMAN and HAYS, Circuit Judges, and TIMBERS, District Judge.*

PER CURIAM:

The appeal in this instance is from Judge McGohey's denial of Klastorin's motion for a permanent injunction.[1]

For the reasons stated in Richland v. Crandall, 353 F.2d 183 (2d Cir. 1965), this day decided, we dismiss this appeal.[2]

Appeal dismissed.

Before KAUFMAN and HAYS, Circuit Judges, and TIMBERS, District Judge.*

* Of the District of Connecticut, sitting by designation.

1. Klastorin sought a permanent injunction restraining any use of the proxy statement on the ground that on its face it violated Section 14(a) of the Securities and Exchange Commission Act of 1934.

2. Since this case is soon to be tried, it is advisable that the District Judge be advised that the S. E. C., as *amicus curiae*, urges that Judge McGohey, in attaching weight to the inaction of the Commission, misapprehended its function. It argues convincingly that no inference is to be drawn from its inaction respecting the alleged violation of its proxy rules; nor can Fuller urge that the Commission's action, in any sense, constituted approval of the solicitation material.

Moreover, review by the Commission of the material is informal in nature. Regulation 14, 17 CFR 240.14a–1, et seq.; Securities and Exchange Commission v. Henwood, CCH Fed.Sec.L.Rep. ¶91, 125 (S.D.Cal.1961), modified on other grounds, 298 F.2d 641 (C.A.9), certiorari denied, 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed. 2d 56 (1962). See also J. I. Case Co. v. Borak, 377 U.S. 426 (1964).