Sylvia **RICHLAND**, Plaintiff-Appellant,

v.

**Lou R. CRANDALL et al., Defendants, and George A. Fuller Company, BCLM, Inc., Cloyce K. Box, Defendants-Appellees.**

No. 111, Docket 29792.

United States Court of Appeals
Second Circuit.

Argued Nov. 4, 1965.

Decided Nov. 5, 1965.

Wolf, Popper, Ross, Wolf & Jones, New York City (Paul L. Ross, Benedict Wolf, New York City, on the brief), for plaintiff-appellant.

Kramer, Marx, Greenlee & Backus, New York City (John J. Hayes and Norwood P. Beveridge, Jr., New York City, on the brief), for defendant-appellee George A. Fuller Co.

Sullivan & Cromwell, New York City (John F. Arning and John S. Allee, New York City, on the brief), for defendants-appellees BCLM, Inc. and Cloyce K. Box.

Before KAUFMAN and HAYS, Circuit Judges, and TIMBERS, District Judge.*

---

\* Of the District of Connecticut, sitting by designation.

**PER CURIAM:**

On the argument of this and the companion appeal Klastorin v. Roth, et al., 353 F.2d 182 (2 Cir. 1965), we were advised that these two cases, arising out of the same transactions, have been consolidated by the District Court for trial, have been assigned to a Rule 2 Judge [1] and both cases will be tried shortly.

The relief which was sought by the motion for a temporary injunction [2] and denied by Judge McGohey would be impossible of fulfillment for the events which Richland sought to restrain have already occurred. The appeal is therefore moot.[3] See Sawyer v. Pioneer Mill Co., 300 F.2d 200 (9th Cir. 1962), cert. denied, 371 U.S. 814, 83 S.Ct. 24, 9 L.Ed. 2d 55.

Appeal dismissed.

1. General Rules for the Southern and Eastern Districts of New York.

2. " * * * staying and restraining the holding of the special meeting of stockholders of George A. Fuller Company, which is scheduled for Monday, June 7, 1965, at 12 o'clock noon, at the offices of the Corporation, 117 Main Street, Flemington, Hunterdon County, New Jersey; (2) why the Court should not hold a hearing and issue a preliminary injunction restraining the George A. Fuller Company from holding any meeting for the approval of the sale of its assets, as prescribed in the said Exhibit 1 and as prayed for in the verified complaint, and enjoining the consummation of such sale, pending a trial and final judgment and decree in this action, * * *."

3. Our ruling is not to be understood as an adjudication on the merits and the Rule 2 Judge may, in his discretion, grant whatever prospective injunctive relief he deems advisable and necessary in order to maintain the status quo.