**424**

dends paid to participating districts during the first year.

Ralph M. HOLT, Jr., et al., Plaintiffs,

v.

KATY INDUSTRIES, INC., et al., Defendants.

No. 75 Civ. 4425.

United States District Court,
S. D. New York.

May 27, 1976.

Silverman & Harnes by Sidney B. Silverman, Joan T. Harnes, New York City, for plaintiffs.

Olwine, Connelly, Chase, O'Donnell & Weyher by James E. Tolan, Bruce E. Pindyck, New York City, for defendants Katy Industries, Inc., Bush Universal,, Inc., Katy Operations Co., Inc., Miles S. Chenault and Melvan L. Jacobs.

George A. Kellner, New York City, Ballard, Spahr, Andrews & Ingersoll by Arthur R. Makadon, Philadelphia, Pa., for defendant Merkle.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs commenced this action on September 9, 1975 with an order to show cause seeking a preliminary injunction against the proposed merger of Bush Universal, Inc. ("Bush") and Katy Operations, Inc. ("Operations"), a subsidiary of Katy Industries, Inc. ("Katy"). That motion for a preliminary injunction was supported by a summons and complaint, affidavits, exhibits, and a memorandum of law. The essence of plaintiffs' claims was that the Joint Proxy Statement of Bush and Katy, disseminated to the shareholders of Bush

and Katy, contained false and misleading statements and omitted to state material facts in violation of Section 17(a) of the Securities Act of 1933, as amended, 15 U.S.C. § 77q(a), Sections 10(b) and 14 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78n, and Securities and Exchange Commission ("SEC") Rules 10b–5 and 14a–9, 17 C.F.R. §§ 240.10b–5 and 14a–9 promulgated thereunder, Section 17(d) of the Investment Company Act of 1940, 15 U.S.C. § 80a–17(d), and Rule 17d–1, 17 C.F.R. § 270.17d–1 promulgated thereunder, in further violation of § 352–c of the New York General Business Law, and in breach of fiduciary duty.

After considering the extensive legal memoranda submitted by the parties and hearing oral argument on September 17 and 18, the court denied the motion for a preliminary injunction in a brief opinion delivered from the bench. Thereafter, on September 24, 1975, the shareholders' meetings of Bush and Katy were held and the merger was duly approved, becoming effective on October 1, 1975.

By motion filed on November 18, 1975, defendants Katy, Operations, Bush, Chenault and Jacobs moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P.[1] They argue that, since the only relief requested in plaintiffs' complaint, aside from the "boilerplate" recitation of "such other and further releif [sic] as may be just and proper", was a preliminary and permanent injunction prohibiting defendants from carrying out those acts necessary to consummation of the proposed merger, and since that merger is now complete, the case is moot. Accordingly, they argue, there exists no viable controversy and the court is without subject matter jurisdiction. *See Williams v. Simons,* 355 U.S. 49, 57–58, 78 S.Ct. 109, 2 L.Ed.2d 87 (1957); *Richland v. Crandall,* 353 F.2d 183, 184 (2d Cir. 1965); *Sawyer v. Pioneer Mill Company, Ltd.,* 300 F.2d 200 (9th Cir. 1962), *cert. den.,* 371 U.S. 814, 83 S.Ct. 24, 9 L.Ed.2d 55 (1963).

By motion filed on November 26, 1975, defendant Merkle moved to dismiss the complaint against him pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the ground that the final count of the complaint, in which he is named, fails to state a claim against him based upon § 17(d) of the Investment Company Act.

In response to the above motions, plaintiffs, by their new counsel,[2] have moved to amend the complaint in several respects. Specifically, the proposed amended complaint (1) adds prayers for rescission of the merger, for restoration of plaintiffs to their status as bush shareholders, for damages, costs and attorneys' fees; (2) adds as a defendant Drexel, Burnham & Co., Inc. ("Drexel"); (3) deletes the claim, found in the original complaint, which was based on alleged violations of the Investment Company Act; and (4) adds several paragraphs which basically amplify and allege with greater specificity the claims found in the original complaint.

Plaintiffs urge that a favorable disposition of their motion would render defendants' motions moot, while defendants urge that their respective motions be granted and that plaintiffs not be granted leave to amend the complaint. The court has decided to grant plaintiffs' motion, and, accordingly, denies defendants' motions on the ground that they are moot.

Rule 15(a), Fed.R.Civ.P., provides that leave to amend pleadings "shall be freely given when justice so requires." In amplifying that direction, the Supreme Court has indicated that "[i]f the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). (emphasis added). Moreover, the Court noted that such leave should be granted in the absence of "undue

---

**1.** Defendants Katy, Operations, Bush, Chenault, Jacobs, and Merkle were the only defendants served in this action.

**2.** Plaintiffs' present counsel were substituted for previous counsel because they are willing to represent plaintiffs on a contingent fee basis.

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" or other sufficient reason. *Id.*

■ In the instant case, defendants have made no suggestion of undue delay or bad faith on the part of the plaintiffs, nor does there appear to be any basis for their so doing. This first application to amend the complaint was filed by plaintiffs' present attorneys on December 29, 1975, some two weeks prior to the time when they were officially substituted for the attorneys who had handled plaintiffs' case in its earlier stages. Many of the proposed changes are purportedly based upon information obtained by plaintiffs late in 1975 in the course of their pre-trial discovery. Furthermore, it is difficult to discern how any of the defendants might be prejudiced by this amendment; they do not argue that they would be so prejudiced, and representatives of the only new defendant, Drexel, have been involved in this suit since its inception.

The most substantial objection which defendants raise to this amendment is that it would be "futile", in that the proposed changes to the pleadings are legally and factually insufficient. It is certainly true that amendments to a complaint may be denied if the proposed changes fail to state a claim on which relief can be granted, *Vine v. Beneficial Finance Company*, 374 F.2d 627, 636–7 (2d Cir. 1967), *cert. den.*, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967), or if the movants fail to set forth an adequate factual basis for their claims. *Billy Baxter, Inc. v. The Coca-Cola Company, et al.*, 47 F.R.D. 345, 346 (S.D.N.Y.1969), *aff'd*, 431 F.2d 183 (2d Cir. 1970), *cert. den.*, 401 U.S. 923, 91 S.Ct. 877, 27 L.Ed.2d 826 (1971). However, the court is not persuaded that either of these rules is applicable to bar the proposed amendment in this case.

At page six of the affidavit supporting the motion to amend, plaintiffs' counsel assert that "[t]he gist of the fraud allegations is that the Solicitation Material did not fully and fairly describe the opinions held by Drexel and Lamport [a vice-president of Drexel] and the unique method of appraisal employed by Lamport." Seizing upon this statement, defendants argue that these allegations have twice been reviewed and rejected, in a manner clearly revealing their lack of merit.

■ They argue, first, that these contentions were raised by plaintiffs' previous counsel in a letter to the Securities and Exchange Commission dated July 14, 1975, and that the SEC rejected these arguments by "clearing" the Joint Proxy Statement and declaring it effective on August 18, 1975. This argument is specious. The cover sheet of the Proxy Statement itself clearly warns the reader that:

"THESE SECURITIES HAVE NOT BEEN APPROVED OR DISAPPROVED BY THE SECURITIES AND EXCHANGE COMMISSION NOR HAS THE COMMISSION PASSED UPON THE ACCURACY OR ADEQUACY OF THIS PROSPECTUS. ANY REPRESENTATION TO THE CONTRARY IS A CRIMINAL OFFENSE."

Due to the large number of proxy statements which are submitted to the SEC every year, the Commission staff is unable to examine each one in detail and to pass upon the accuracy of the statements which are contained therein. *J. I. Case v. Borak*, 377 U.S. 426, 432, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). No inference should be drawn from its inaction respecting the alleged violation of its proxy rules. *Klastorian v. Roth*, 353 F.2d 182, 183 n. 2 (2d Cir. 1965).

■ Secondly, defendants rely upon portions of this court's opinion, delivered from the bench, in denying plaintiffs' application for a preliminary injunction. In that decision, the court noted that "[p]laintiffs' claims under Rule 10b–5 and 14a are without substance" (Transcript of September 18, 1975 hearing, p. 15). The court also noted that certain alleged omissions and misrepresentations appeared to bear more clearly on the pendent state law claims than on the federal securities law claims and that cer-

428

tain other allegedly material facts appeared to be adequately disclosed in the proxy material.

However, the court's remarks must clearly be considered in their context. The court was considering a motion for a preliminary injunction, not a motion to dismiss for failure to state a federal claim. Consequently, the court was required to evaluate merely the apparent *probability* of plaintiffs' success on the merits based upon the information before the court at that time. *Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973). It was not being asked to determine whether the allegations of the complaint, if true, amounted to a violation of the securities laws. Nor was it being asked to determine whether, after an evidentiary presentation, defendants were entitled to summary judgment as a matter of law. The court was merely required to make a judgment as to plaintiffs' probability of success, and all statements in that opinion must be read in the light of that question which was before the court. There was clearly no adjudication of the merits of plaintiffs' claims.

■ Therefore, it is quite beside the point for defendants to argue that the new paragraphs of plaintiffs' complaint dealing with alleged fraud in connection with the Drexel opinion are merely a "rehash" of claims already found in the original complaint. Those claims have not been ruled legally insufficient by the court. And there is certainly nothing improper in plaintiffs' desire to amplify those claims and plead them with greater specificity in light of material which they have obtained in the course of their pre-trial discovery. Rule 10b–5, for instance, states in part that it shall be unlawful "(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, *in the light of the circumstances under which they were made,* not misleading . . . " (emphasis added). While certain facts might appear to be adequately disclosed on the face of the Proxy Statement, inquiry into the "circumstances under which the statements were

made" might well reveal that the statements gave a distorted impression of the facts. Plaintiffs should have the opportunity to employ the discovery devices afforded by the federal courts to make such an inquiry, and then to amend their complaint to reflect the results of that discovery. If defendants later feel that the amended complaint is legally insufficient, they are free to move for its dismissal under Rule 12 or Rule 56.

■ Defendants' invocation of the *Billy Baxter* case, *supra,* is also inapposite. That case requires that "[a] finding of good faith must have at least prima facie showing of a possibility of the amender's ability to establish factual support for the new matters sought to be pleaded." 47 F.R.D. at 346. In *Billy Baxter,* the court found that the proposed amendments were merely "conclusory allegations" unsupported by evidence and contradicted by allegations in the original complaint and in the movant's sworn interrogatories. In the instant case, however, plaintiffs have set forth in some detail in their moving affidavit the factual basis on which they premise the new paragraphs of the amended complaint and the amendments are consistent with the allegations of the original complaint.

■ Finally, as plaintiffs correctly point out, the availability of an appraisal remedy in the New York courts is immaterial to an assessment of the validity of plaintiffs' claims under the federal securities laws, *Movielab, Inc. v. Berkey Photo Inc.,* 321 F.Supp. 806, 811 (S.D.N.Y.1970), *aff'd,* 452 F.2d 662 (2d Cir. 1971), and its effect on their pendent state law claims is speculative at this time.

For all the above reasons, plaintiffs' motion to amend their complaint is granted and defendants' motions to dismiss are denied as moot. In so ruling, the court merely notes that defendants have failed to show that the proposed amendment is either so legally insufficient or devoid of factual support as to overcome the liberal amendment policy of the Federal Rules of Civil Procedure.