370 A.2d 695

**COMMONWEALTH of Pennsylvania**

v.

**Roger WALAK, Appellant.**

Supreme Court of Pennsylvania.

Argued March 14, 1975.

Decided March 17, 1977.

458

Alfred B. Bell, Greensburg, for appellant.

Albert M. Nichols, Dist. Atty., David B. Wasson, Asst. Dist. Atty., Greensburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Roger Walak, was convicted of two violations of the Drug, Device and Cosmetic Act. Post-verdict motions were denied and sentence imposed. On appeal, the Superior Court affirmed. *Commonwealth v. Walak*, 228 Super. 404, 323 A.2d 886 (1974). Appellant's petition for allowance of appeal to this Court was then granted.

Appellant's convictions resulted from two alleged sales of marijuana to agents of the Bureau of Drug Control of the Pennsylvania Department of Justice. In each instance a meeting between the agents and appellant was

arranged by a paid informer of the Bureau of Drug Control, one George Sam. Sam also witnessed each of the two sales.

Approximately five months prior to trial, on April 3, 1973, appellant filed a request for a bill of particulars to which the prosecution responded on April 10, 1973. About three weeks prior to trial, on August 29, 1973, appellant filed a second request, also entitled a "Request for a Bill of Particulars" asking specifically for the names and addresses of "any agents or participants to the alleged criminal transaction known by the state." The prosecution did not respond to this request. Appellant renewed his request at the beginning of his trial, moving that the prosecution be required to furnish the whereabouts of the witness Sam. Apparently, at this time, the defense knew that the name of the informer was George Sam, but did not know his whereabouts. The appellant's motion was denied.

The prosecution did not call Sam as a witness during appellant's trial. Appellant was convicted solely on the testimony of the agents who allegedly purchased the marijuana from the appellant in the presence of Sam.

■ Appellant contends that the trial court erred in refusing his request that the prosecution be ordered to disclose the whereabouts of the informer eyewitness, George Sam. We agree. There is no dispute that Sam was a material eyewitness to the crimes charged. Under these circumstances, appellant was entitled to the information sought. *Commonwealth v. Carter*, 427 Pa. 53, 233 A.2d 284 (1967); *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

■ The prosecution argues that, prior to trial, it had no obligation to furnish the information requested about the eyewitness. We are, however, not concerned in this appeal with that issue. Although appellant, prior to trial, sought from the prosecution information about the

eyewitness, appellant made no pre-trial application to the court for relief when the prosecution failed to furnish the information, nor did the appellant at the beginning of his trial make any request for relief other than a request that the prosecution be required to furnish the information at that time. *See Roviaro v. United States,* 353 U.S. 53, 65, n. 15, 77 S.Ct. 623, 630, n. 15, 1 L.Ed.2d 639, 647, n. 15 (1957). Under these circumstances, the only issue properly before us is whether appellant was entitled to the information at the beginning of the trial. As previously noted, at that time appellant's motion should have been granted.

■ Although the prosecution's brief does not argue that the error was harmless, that issue is suggested by portions of the prosecution's brief. The issue arises because during cross-examination, a prosecution witness testified that if he wanted to contact George Sam, he would attempt to do so at Sam's mother's house in Herminie. Even if we assume that this "lead" was an adequate response to appellant's inquiry at the beginning of the trial, we cannot say whether or not the lack of this information affected appellant's trial strategy prior to the disclosure of the information. Disclosure at the beginning of the trial might have affected that portion of the trial already completed. Forcing the accused to trial without information may have handicapped defense counsel in the cross-examination of prosecution witnesses and in the presentation of the defense. Under these circumstances, we cannot conclude beyond a reasonable doubt that the error was harmless.

Judgment of sentence reversed and a new trial granted.

Former Chief Justice JONES did not participate in the consideration or decision of this case.